**CAIN CITY FARMERS' EXCHANGE et al. v. STINTSON. (No. 7072.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1924.)

Partnership ☞155—Partners acquiescing in purchase of land for firm purposes held estopped from claiming exemption from partner's liability.

Where members of a partnership conducting a farmers' warehouse business contracted as trustees or managing partners to purchase certain land necessary to the conduct of the firm's business and the land purchased was used for the benefit of that business with the knowledge and the acquiescence, if not the affirmative approval, of the other partners, such partners were estopped from claiming exemption from liability as equal partners with those who purchased the property.

Appeal from District Court, Gillespie County; J. H. McClean, Judge.

Action by J. C. Stintson against the Cain City Farmers' Exchange and others, with cross-action by certain defendants against the others. Judgment for plaintiff, and from a refusal of judgment cross-petitioners appeal. Affirmed.

Max Blum and A. P. C. Petsch, both of Fredericksburg, for appellants.

H. H. Sagebiel, of Fredericksburg, for appellee.

SMITH, J. The Cain City Farmers' Exchange was a partnership composed of several individuals. They elected some of their members as officers and trustees, and adopted a "constitution," which may be termed a sort of partnership agreement, under which the firm conducted a warehouse business at Cain City, in Gillespie county. The warehouse was located on ground owned by the partnership. The partners, or at least the trustees, or those actively in charge of the firm's business, decided that lot 19, adjoining the warehouse, and owned by appellee, Stintson, was necessary to the conduct of the business, and entered into a contract with Stintson for the purchase of the lot at the agreed price of $240, for which amount a promissory note, payable to Stintson nine months later, was executed in the name of the partnership, by the so-called president and secretary thereof, respectively. Upon default in the payment of the note Stintson brought this action for the amount thereof against the trustees of the partnership, who answered impleading the remaining partners. The latter in turn answered, admitting the

liability of the partnership, and of themselves "individually, but only as copartners with all the other partners of the said Cain City Farmers' Exchange, and do not deny liability for the payment of the note sued upon by plaintiff." But these defendants set up a cross-action against those partners who were directors or trustees at the time of the purchase of the lot, alleging that the latter had contracted for lot 19, and bound the partnership upon the note, without obtaining authority from the organization for that purpose, as provided in article 8 of the constitution of the organization, in which it was expressly stipulated that the board of directors shall not have the power to purchase any real estate except "by majority vote of the stockholders present, cast at any meeting legally held." The complaining partners prayed for judgment over against the alleged offending partners, who resisted this cross-action, contending that all the partners had approved and ratified the purchase of the lot.

The cause was tried by jury, who in response to special issues found (1) that the contract for the purchase of the property for which the note was given was ratified by the stockholders in the partnership; and (2) that the purchase of the lot was "reasonably necessary" to the carrying on of the partnership business. Upon these findings the court rendered judgment against the partnership as such, and equally against all the individual partners, and refused judgment over in favor of the complaining stockholders against the directing partners. This appeal is alone from the order refusing judgment over.

We see no occasion for an extended discussion of the questions presented. The evidence supports the findings, specific or implied, that the purchase of the lot was necessary to the conduct of the firm's business, that it was purchased, retained, and used for the benefit of that business, with the full knowledge and acquiescence, if not the affirmative approval, of the complaining partners, who are thus estopped from claiming exemption from the burdens resting upon them as equal partners with their fellows.

The judgment is affirmed.